**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7506**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAX ORVEL PLUMLEE,

Defendant - Appellant.

_____

**No. 04-7507**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAX ORVEL PLUMLEE,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (CR-94-2; CA-00-83)

_____

Submitted:  January 27, 2005        Decided:  February 3, 2005

_____

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Max Orvel Plumlee, Appellant Pro Se.  Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Max Orvel Plumlee, a federal prisoner, seeks to appeal the district court's orders denying as untimely his motion filed pursuant to 28 U.S.C. § 2255 (2000), and dismissing for lack of jurisdiction his motion filed under Fed. R. Civ. P. 60(b), as a second or successive motion under 28 U.S.C. § 2255 (2000). The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Plumlee has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Plumlee's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

- 3 -

200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b) (2000); 28 U.S.C. § 2255 ¶ 8. Plumlee's claims do not satisfy either of these conditions. Therefore, we decline authorization to Plumlee to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED